# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>BURNICE WILLIAMS,<br><br>                  Respondent. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:17CR417DAK<br><br>Judge Dale A. Kimball |

      This matter is before the Court on Defendant's Request for a Protective Order and/or Injunctive Order in Regards to Violation of the Judgment and Commitment Order. On July 27, 2018, this Court sentenced Defendant to 108 months imprisonment, 36 months of supervised release, $25,436.00 in restitution, and a $100 special assessment. In Defendant's Judgment and Commitment Order, entered the same day, this Court provided special instructions regarding the payment of the criminal monetary penalties: "The defendant shall pay the greater of $25 per quarter or 50% of his income while incarcerated. If the defendant receives more than $200 from any outside source in any given month during the period of incarceration, all funds received in excess of $200 that month shall be paid toward restitution. . . . The Court waives the accrual of interest."

      Defendant states that the BOP has changed his payment schedule from $25 per quarter to $200 per month and he has been notified that he may face sanctions if he refuses to make the

increased payments. Defendant further states that he has attempted administrative remedies without success and that he filed his motion with the Court to require the BOP to honor the provisions imposed in this Court's Judgment. The Court requested that the government respond to Defendant's motion, which it did on June 25, 2019.

The government's response claims that the BOP's actions are permissible under *United States v. Scoville*, No. 07-CR-155-D, 2009 WL 10704911 (D. Wyo. April 29, 2009). *Scoville* involved a Judgment ordering the defendant to pay an assessment and fine immediately without setting a payment schedule. *Id.* at *1. The court in *Scoville* found that it was permissible for the court to delegate to the BOP the scheduling of payments for a fine and assessment fee. *Id.* "Because such an order for immediate payment does not impermissibly delegate judicial authority, it is permissible for the BOP to administer collection through the Inmate Financial Responsibility Program (IFRP)." *Id.*

*Scoville*, however, does not apply to the instant case because this case involves Defendant's payment of restitution under a Court-ordered payment schedule. The *Scoville* court recognized that a court within the Tenth Circuit "cannot delegate the scheduling of restitution to a probation officer or to the BOP, as the fixing of restitution payments is an exclusively judicial act." *Id.* 18 U.S.C. § 3664 prohibits a sentencing court from delegating to the BOP the task of establishing a payment schedule for the payment of court-ordered restitution. *United States v. Overholt*, 307 F.3d 1231, 1255-56 (10th Cir. 2002).

In this case, this Court complied with 18 U.S.C. § 3664 by ordering a detailed payment schedule for Defendant's restitution payments at the time of sentencing. The BOP cannot deviate

from this Court's payment schedule that Defendant pay, while incarcerated, the greater of $25 per quarter or 50% of his income and any amounts he receives in gifts in excess of $200 per month.

The BOP appears to be requiring that Defendant pay higher amounts of restitution as a condition for his participation in the IFRP. However, the IFRP was designed to help inmates comply with their court-ordered payment schedules. The IFRP requires unit staff to assist an inmate in preparing a financial plan and monitoring the inmate's progress in meeting payments. 28 C.F.R. § 545.11(b). The IFRP does not allow the BOP to create a new restitution payment schedule–according to the Tenth Circuit, that would violate 18 U.S.C. § 3664. In this case, the BOP has discretion in determining whether Defendant is paying half his income if that is greater than $25 per quarter and in collecting amounts he receives in excess of $200 per month as gifts. But the BOP cannot create a new payment schedule as a condition of Defendant's participation in the IFRP. The BOP can only use the IRFP to help Defendant in meeting his Court-ordered payment schedule.

The government's response did not address Defendant's specific financial condition. If the BOP believes Defendant's payment schedule should be revised based on a change in circumstances from the time of sentencing, the BOP must inform the Court of the changed circumstances and request the Court to amend the restitution payment schedule in Defendant's Judgment. *See, e.g., U.S. v. Day*, 418 F.3d 746, 761 (7th Cir. 2005); *U.S. v. McGlothlin*, 249 F.3d 783, 785 (8th Cir. 2001). Otherwise, the BOP is tasked with complying with the payment schedule contained in Defendant's current Judgment.

The Court believes it has the authority to address this issue because it involves the BOP's

execution of this court's Judgment. As the case law demonstrates, this Court has jurisdiction over restitution payments, the BOP does not. The BOP's institution of a new restitution payment schedule exceeds its authority. Although Defendant seeks a protective order and/or injunctive order, Defendant's existing Judgment and Commitment Order is already an order the BOP must execute properly and the Court's explanation of the law applicable to that Judgment should be sufficient.

However, if the BOP does not recognize this court's authority to explain how its Judgment should be executed, Defendant should file, in the federal district court in Colorado where he is located, a habeas corpus petition under 28 U.S.C. § 2241 against the Warden of his facility, challenging the execution of his sentence and arguing that the BOP has incorrectly applied the sentencing court's order as to restitution payments. *See James v. Warden, FCI El Reno, Okla.*, 2014 WL 1330015, at *4-5 (W.D. Okla. March 12, 2014) (explaining that a petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and may be raised after exhausting the BOP's administrative remedy program).

For the reasons stated above, the Court finds that Defendant's Motion for Protective Order and/or Injunctive Order in Regards to Violation of Judgment and Commitment Order has merit and the BOP should execute the terms of Defendant's Judgment unless and until this Court amends such Judgment.

DATED this 10th day of July, 2019.

BY THE COURT:

*[signature]*
DALE A. KIMBALL
United States District Judge