JOHN W. HUBER, United States Attorney (#7226)
VEDA M. TRAVIS, Assistant United States Attorney (#6449)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801-524-5682

IN THE UNTED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br> vs.<br><br>BURNICE WILLIAMS,<br><br>       Defendant. | Case No. 2:17-CR-00417 DAK<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO MODIFY TERM OF IMPRISONMENT PURSUANT TO FIRST STEP ACT<br><br>Judge Dale A. Kimball |

   The United States of America, by and through the undersigned Assistant United States Attorney, hereby responds to Defendant Burnice Williams' motion as follows:

   Mr. Williams' motion is based on the First Step Act's criteria for allowing compassionate release to prisoners who are 65 years old or older, who suffer from a chronic or serious medical condition related to age, who are experiencing deteriorating physical or mental health that substantially diminishes their ability to function in prison, who have no promises for substantial improvement in their condition with conventional treatment, and who have served at least 50% of their sentence.  *See* 18 U.S.C. § 3582(c)(1)(A), 28 CFR part 571, subpart G.  Despite his motion, with the exception of his age, defendant does not meet any of the required criteria. Williams has provided no documentation of a chronic or serious medical condition, nor has he provided any documentation that such a condition has caused him to experience deteriorating physical or mental health that has substantially diminished his ability to function in prison.  He

has also failed to address the issue of conventional treatments, and, as he acknowledges, has not yet served 50% of his nine-year sentence.

Although he has failed to meet almost all of the criteria required for compassionate release, Mr. Williams addresses only a single issue in his motion—his failure to have served 50% of his sentence.  In making his argument, he urges the Court to ignore the fact that he was a career offender, apparently blaming that designation on the government, stating that he was told that "AUSA Veda Travis was going to seek a career offender."  As the Court is aware, the government does not seek to turn defendants into career offenders.[1]  Their criminal histories are what determine such status.  According to the PSR, Mr. Williams committed at least eight other bank or credit union robberies prior to his arrest on the robbery charged in the instant case.  Specifically, Williams committed a bank robbery on July 20, 2004, during which he threatened a teller with an explosive device, and grabbed at his belt as if reaching for a gun.  (PSR ¶ 38.) On March 10, 2005, he was sentenced to 57 months in federal prison.  (PSR ¶ 38.)  While on supervised release for that crime, on May 2, 2011, Williams committed two other bank robberies.  (PSR ¶ 41.)  When he pleaded guilty to those two robberies, he admitted he had also robbed banks on April 20, 2011, and April 27, 2011.  (PSR ¶ 41.)  On January 17, 2012, he was sentenced to 46 months in federal prison.  (PSR ¶ 41.)  While on supervised release in that case, he was expelled from Veterans Court, and after a six-month sentence, was terminated from supervised release.  (PSR ¶ 41.)  In the case before the Court, Williams was charged with and

---

[1] Mr. Williams is apparently angry over what he perceives to be government over-reaching as evidenced by the "Christmas" card he sent to the prosecutor in this case.  Although he mistakes the AUSA for a DA, the message is clear.  It should also be noted that Mr. Williams sent the same card, with a different message, to Detective Brent Adamson, the lead detective in the case, whom he has accused of stealing the money from Williams' final bank robbery.  His defense counsel, Tara Isaacson, also reported that she had received a card.  Copies of the cards to the AUSA and Detective Adamson are attached hereto as Exhibits A and B.  Despite his claims to the Court of apologizing for his behavior, these cards show that Mr. Williams blames law enforcement, his defense counsel and the prosecution for the position in which he finds himself.

pleaded guilty to committing a bank robbery on June 16, 2017.[2] *See* Plea Agreement, ¶ 11. He was not charged, however, with three other bank robberies which law enforcement later determined he had committed. *See* Plea Agreement, ¶ 12(e)(1). As part of the plea agreement, the government did not charge those robberies in exchange for Williams' agreement to admit to the robberies and pay restitution.

As a result of the career offender designation, Mr. Williams' guideline range was 151-188 months. (PSR ¶ 83.) Due to his age and chronic health problems, as well as the fact that he had served two tours of duty in Vietnam, defense counsel urged the government to agree to a sentencing range of eight to ten years. The government agreed and received approval for that range. At sentencing, the Court sentenced Williams to nine years; with that sentence, Williams received the benefit of a sentence that took into account his age, health and background. He is not deserving of a change to his guideline range to 42-57 months, particularly in light of a prior history that establishes, despite his ability to work as a union pipe fitter, he prefers to rob banks. Moreover, even if the Court were to change the guideline range, Williams has not met the additional criteria for compassionate release. His motion, therefore, should be denied.

DATED this 10th day of February, 2020.

JOHN W. HUBER
United States Attorney

_____

VEDA M. TRAVIS
Assistant United States Attorney

---

[2] In that robbery, Mr. Williams passed a note in which he threatened if "[a]nything happens people get hurt," and threatened tellers that if "[a]nything goes wrong, tellers get hurt first."

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office, and that a copy of the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO MODIFY TERM OF IMPRISONMENT PURSUANT TO FIRST STEP ACT was made available to all parties named below, this 10th day of February, 2020.

Tara Isaacson
Attorney at Law
445 East 200 South, Suite 150
Salt Lake City, UT  84111

Heidi Groussman
U.S. Probation
351 South West Temple
Salt Lake City, UT  84101

      *Jessie R. Chelsea*
      Legal Administrative Specialist