# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:17-cr-00417-DAK** |
| **BURNICE WILLIAMS,** | **Judge Dale A. Kimball** |
| **Defendant.** | |

This matter is before the court on Defendant's Motion to Modify Term of Imprisonment. In May 2018, Defendant pleaded guilty to one count of Bank Robbery in violation of 18 U.S.C. § 2113(a). In July 2018, this court sentenced Defendant to 108 months imprisonment, 36 months of supervised released, $25,436.00 in restitution, and a $100 special assessment. Defendant now requests that, pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(A), the court reduce his sentence to 42-57 months. Plaintiff United States of America (the "Government") opposes Defendant's request.

## DISCUSSION

18 U.S.C. § 3582(c) permits a court to reduce a defendant's term of imprisonment pursuant to a motion seeking such relief. "Prior to the enactment of the First Step Act, only the [Federal Bureau of Prisons] could" file a motion for a compassionate release or a sentence modification under 18 U.S.C. § 3582(c)(1)(A). *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). The First Step Act, however, modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file the motion with the court him or herself. *Id.* Nevertheless, before a defendant can file a motion, it is required that the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  If the preceding requirement is satisfied, a court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i), and that such reasons "could not reasonably have been foreseen by the court at the time of sentencing," 28 C.F.R. § 571.60.  Although the phrase "extraordinary and compelling reasons" is not defined in the statute, "[t]he [United States] Sentencing Commission has defined 'extraordinary and compelling reasons'" to include serious medical conditions and the age of the defendant.  *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 2422601, at *2 (D.N.M. June 10, 2019) (unpublished).  More specifically, the Application Notes to the Federal Sentencing Guidelines provide that extraordinary and compelling reasons exist for medical conditions when:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

> (ii) The defendant is-- (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. 1B1.13.  As for the defendant's age, extraordinary and compelling reasons exist when the defendant "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."  *Id.*

In determining whether extraordinary and compelling reasons justify a modification to a defendant's sentence, courts in this Circuit also consult a Program Statement issued by Federal

Bureau of Prisons. *See United States v. Collins*, No. 15-10188-EFM, 2020 WL 136859, at *4 n.13 (D. Kan. Jan. 13, 2020) (noting that although the Program Statement is specifically meant for use by the Federal Bureau of Prisons, it "provide[s] guidance for courts as well"); *Gutierrez*, 2019 WL 2422601, at *3. The Federal Bureau of Prisons published the Program Statement "to describe the procedures it uses to implement compassionate release/reductions in sentences under Section 3582." *Gutierrez*, 2019 WL 2422601, at *3. Similar to the Application Notes, the Program Statement provides certain criteria to follow when a defendant requests a sentence reduction based on a defendant's medical circumstances or age. Federal Bureau of Prisons Program Statement Number 5050.50 §§ 3–4, https://www.bop.gov/policy/progstat/5050_050_ EN.pdf. For sentence reduction requests based on a "Terminal Medical Condition," the Program Statement directs that such requests should only be given consideration for defendants "who have been diagnosed with a terminal, incurable disease and whose life expectancy is eighteen (18) months or less, and/or has a disease or condition with an end-of-life trajectory under 18 USC § 3582(d)(1)." *Id.* § 3(a). For requests based on a "Debilitated Medical Condition," they should only be given consideration when the requesting defendants have "an incurable, progressive illness or . . . have suffered a debilitating injury from which they will not recover." *Id.* § 3(b). The Program Statement further recommends that age-based sentence reduction requests should only be considered when (1) the defendant is 65 years of age or older; (2) the defendant "[s]uffer[s] from chronic or serious medical conditions related to the aging process"; (3) the defendant is "[e]xperiencing deteriorating mental or physical health that substantially diminishes [his or her] ability to function in a correctional facility"; (4) "[c]onventional treatment promises no substantial improvement to [the defendant's] mental or physical condition"; and (5) the defendant has "served at least 50% of [his or her] sentence." *Id.* § 4(b). Lastly, the Program

Statement directs that "[e]lderly inmates who were age 60 or older at the time they were sentenced ordinarily *should not* be considered for [a sentence reduction] if their current conviction is listed in the Categorization of Offenses Program Statement." *Id.* § 4(c) (emphasis added).

In this case, Defendant requests a reduction in sentence because he is 70 years old; he has various health issues including arthritis, emphysema, and combat post-traumatic stress disorder, which causes him to fear that he may die in prison; and he should not have been sentenced as a career criminal. Defendant also acknowledges that he has yet to serve 50% of his sentence, but argues that, had he not been sentenced as career criminal, he would have already surpassed the 50% mark.

In response, the Government argues that, save his age, Defendant fails to meet any of the necessary criteria to receive a sentence reduction. The Government argues that Defendant has failed to provide any documentation to demonstrate that he suffers from a chronic or serious medical condition, and he has provided no documentation that his medical conditions have diminished his ability to adequately function in prison. The Government further notes that the only issue that Defendant discusses in his motion is the fact that he has not served 50% of his sentence. On this point, the Government refutes Defendant's contention that the court should not have sentenced him under the career criminal status. The Government points out that, as outlined in the Presentence Investigation Report, Defendant committed eight other bank or credit union robberies prior to his arrest for the robbery in the instant case. And, significantly, law enforcement later determined that Defendant committed three additional robberies, but, pursuant to his plea agreement, the Government did not charge Defendant with those robberies because he pleaded guilty to the robbery in this case. Based on his criminal history and his status as a career

offender, the Government notes that Defendant's sentencing guideline range was 151-188 months. Nevertheless, due to Defendant's age, health issues, and service of two tours of duty in Vietnam, the Government agreed to sentencing range of only eight to ten years. Therefore, the Government contends that Defendant has already received the benefit of a more lenient sentence based on his age, health, and background. As such, the Government argues that Defendant's motion should be denied.

The court agrees with the Government and concludes that Defendant's motion must be denied. As a preliminary matter, the court notes that Defendant has met the administrative exhaustion requirement necessary to file his motion with the court. Nevertheless, Defendant's motion fails for various reasons. First, Defendant has failed to provide or establish extraordinary and compelling reasons that would justify a reduction in his sentence under the criteria described in the Application Notes to the Federal Sentencing Guidelines. Second, Defendant has failed to establish that he is deserving of a sentence reduction when considering the criteria contained in the Federal Bureau of Prisons' Program Statement. While it is true that Defendant meets the age requirement, he does not meet any of the other criteria necessary to support a sentence reduction. Although Defendant points out that he suffers from arthritis, emphysema, and combat post-traumatic stress disorder, these medical conditions, at least in this case, do not rise to the level that would favor a sentence reduction. Third, given Defendant's criminal history, the court could have imposed a much harsher sentence.[1] Nevertheless, the Government stipulated and the court agreed to impose a lighter sentence that took into account Defendant's age, health, and background. Thus, because Defendant has already reaped the benefit of a lighter sentence for the those reasons, it would make little sense for the court to make further adjustments to his sentence

---

[1] This is especially true given that the Government agreed to not charge Defendant with three additional robberies he had committed if he would plead guilty to the robbery at issue in this case.

at this time. Yet, in any event, each of the reasons that Defendant claims justifies a sentence reduction were all reasonably foreseeable at the time of his sentencing and are therefore insufficient to merit a sentence reduction. Lastly, as described in the Program Statement, inmates who were 60 or older at the time they were sentenced ordinarily should not be considered for a sentence reduction if their current conviction is listed in the Categorization of Offenses Program Statement. Here, Defendant was sentenced in July 2018, when he was in his late 60s, and he was convicted under 18 U.S.C. § 2113(a), which is listed in the Categorization of Offenses Program Statement. Federal Bureau of Prisons Program Statement Number P5162.05 § 3(b), https://www.bop.gov/policy/progstat/5162_005.pdf. Therefore, the court concludes that Defendant has failed to present circumstances warranting a reduction in his sentence.

## CONCLUSION

Based on the foregoing reasoning, Defendant's Motion to Modify Term of Imprisonment is hereby DENIED.

Dated this 18th day of February, 2020.

BY THE COURT:

DALE A. KIMBALL
United States District Judge