# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BURNICE WILLIAMS,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:17-CR-417-DAK**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Defendant's Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) [ECF No. 59]. Defendant requests that the court release him from custody due to Covid-19 and his underlying health conditions. Pursuant to General Order 20-019, the United States filed an opposition to Defendant's motion, and the United States Probation Office filed a recommendation that the court deny the motion. Defendant did not file a reply in support of his motion and the time for doing so has passed.

On July 26, 2018, this court sentenced Defendant pursuant to a Rule 11(c)(1)(C) plea agreement to 108 months incarceration with the Bureau of Prisons ("BOP") followed by 36 months of supervised release for bank robbery in violation of 18 U.S.C. § 2113(a). With a total offense level of 29 and criminal history category V, Defendant's original sentencing guideline range was 151 to 188 months. Defendant has currently served almost 40 months of his 108 month sentence and has a projected release date of February 14, 2025, if he continues to receive credit for good conduct.

The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow a federal prisoner to file a motion with the court to reduce the defendant's term of imprisonment after the defendant has

exhausted administrative remedies with the BOP.  Defendant states that on August 17, 2020, he filed with the BOP a motion for compassionate release under the CARES Act.  However, BOP has no record of Defendant's request.  The United States also states that a request under the CARES Act is a request for home confinement rather than a request to a warden for compassionate release or reduction in sentence.

This current confusion as to whether Defendant sought home confinement under the CARES Act or a compassionate release under the First Step Act demonstrates why exhaustion of administrative remedies is necessary. The court concludes that there is no evidence that Defendant has exhausted his administrative remedies as required in the First Step Act.  BOP has no record of his request.  And, even if he had filed his request, he filed the motion in this court only nine days after he alleges that he filed the request with the BOP.  Moreover, Defendant needs to clarify whether he is seeking home confinement under the CARES Act or a reduction in sentence under the First Step Act.  If and when Defendant can demonstrate that he has made a request to the BOP under the First Step Act and it has been denied or thirty days have passed from receipt of the request by the warden of his facility, Defendant can bring a motion in this court.  Accordingly, Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 59] is DENIED.

Dated this 20th day of October, 2020.

BY THE COURT:

DALE A. KIMBALL
United States District Judge