# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BURNICE WILLIAMS,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:17-CR-417-DAK**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Defendant's Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant requests that the court release him from custody due to Covid-19 and his underlying health conditions. Pursuant to General Order 20-019, the United States filed an opposition to Defendant's motion, and the United States Probation Office filed a recommendation that the court deny the motion.

The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow a federal prisoner to file a motion with the court to reduce the defendant's term of imprisonment after the defendant has exhausted administrative remedies with the Bureau of Prisons. *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). While there is some dispute between the parties as to whether Defendant exhausted his administrative remedies with respect to a compassionate release, the U.S. Probation office states that Defendant filed a compassionate release request with the BOP on October 27, 2020, and it was denied November 18, 2020. The court, therefore, concludes that Defendant exhausted his administrative remedies.

On July 26, 2018, this court sentenced Defendant pursuant to a Rule 11(c)(1)(C) plea agreement to 108 months incarceration with the Bureau of Prisons ("BOP") followed by 36

months of supervised release for bank robbery in violation of 18 U.S.C. § 2113(a).  With a total offense level of 29 and criminal history category V, Defendant's original sentencing guideline range was 151 to 188 months.  Defendant's projected release date is February 14, 2025, if he continues to receive credit for good conduct.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction.  As the movant, Defendant bears the burden of establishing that he is eligible for the requested sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

Defendant has not met his burden of demonstrating that a compassionate release is warranted in his case.  Defendant contends that he is 71 years old and suffers from several conditions that would put him at higher risk if he were to contract Covid-19.  While his age and conditions may put him at higher risk, the active cases of Covid-19 at his facility are not currently high.  After an admittedly difficult beginning, the BOP has taken significant efforts to reduce the number of infections.  In addition, the BOP is actively vaccinating inmates across the country.  Of the approximately 125,000 inmates in BOP facilities, BOP has administered over 81,000 vaccines.  This is a substantial portion of the inmate population.  As the vaccine rollout continues, Defendant's risk of contracting the virus will diminish even more significantly.  This reduced risk does not weigh in favor of finding "extraordinary and compelling reasons" for a compassionate release.

In addition, Defendant makes much of his age as a risk factor but the court must also recognize that Defendant committed the bank robbery he is incarcerated for at the age of 68,

apparently undeterred by his age and chronic health conditions.  In fact, Defendant's criminal history strongly weighs against a compassionate release.  Defendant was convicted of his first bank robbery in 2004, his second in 2011, and the present bank robbery in 2017.  After admitting to the 2017 robbery, Defendant admitted to three other bank robberies between 2016 and 2017, which the United States agreed not to charge him with if he agreed to pay restitution for them.  Defendant committed several of these robberies while on supervised release for the previous robberies.  In addition, he has admitted that he committed these robberies through intimidation.  Defendant's plea agreement of 108 months was already well below his guidelines range of 151-188, mainly due to his age.  In considering the §3553(a) factors, the court concludes that a compassionate release is not appropriate because Defendant remans a danger to the community, his age and health conditions were already taken into account in his original sentence, and the nature of his repeated back robbery offenses pose a threat to public safety.  Therefore, the court denies Defendant's motion for compassionate release.

## CONCLUSION

Based on the above reasoning, Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) is DENIED.

Dated this 17th day of March, 2021.

BY THE COURT:

DALE A. KIMBALL
United States District Judge